## UNITED STATES v. 169 BALES CONTAINING WOOL.

### No. 218.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Wise, Whitney & Parker, of New York City (Francis C. Lowthorp, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The merchandise sought to be forfeited arrived at the port of New York on March 11, 1922, on the steamship Bonheur. It was consigned to the claimant, Robert Wood, an importer of wool, and was shipped by his brother, Thomas Wood, from Buenos Aires, Argentine Republic. There were 169 bales in the shipment here involved, each bale containing both Cordova "carpet wool," which was duty free, and Montevideo "clothing wool," which was subject to duty. The method of packing was unusual, according to the testimony of customs officials, and such as would tend to prevent discovery of the presence of the dutiable wool when the bales were examined in the customary manner. The fleeces of dutiable wool were wrapped within and completely covered by fleeces of the nondutiable carpet wool, so that, if a slit were made in the burlap wrapping of a bale in order to examine its contents, which was the customary method of examination, only the duty free carpet wool would be disclosed to the examiner. About 74 per cent. of the wool comprising each bale was dutiable. It was the theory of the libel and of the government's proof that the Woods intended that the bales should be entered as composed entirely of nondutiable wool, and that by the above-described method of packing they engaged in an "attempt to enter or introduce in the commerce of the United States * * * imported merchandise by means of * * * [a] false and fraudulent practice," contrary to paragraph H of section 3 of the Tariff Act of 1913 (38 Stat. 114, 183), with the result that said merchandise became forfeited to the United States.

In further support of the alleged fraudulent intent the libelant introduced in evidence incriminating cablegrams which had passed between the Woods relating to the method of packing, and offered proof of a practically contemporaneous importation of another shipment packed in an identical manner and entered as duty free upon a letter of instructions written by Robert Wood. The exclusion from evidence of this letter is one of the errors assigned by the appellant.

When the shipment here in question arrived, no one claimed or entered it at the customs. It was unladed from the ship, taken to the Appraiser's Stores, and shortly thereafter was seized for forfeiture. This libel followed. The claimant contended below, as he does here, that the mere commingling of dutiable and nondutiable goods was not unlawful (Rev. St. §§ 2910, 2911, 2912), and that, as no false invoice was used and no effort made to enter the merchandise, the acts of the Woods, regardless of the intent which prompted the unusual method of packing the wool, were merely preparatory and had not gone far enough to constitute an "attempt" forbidden by the statute.

This contention prevailed below, but we cannot accede to it. The fraudulent intent with which the merchandise was packed in a manner calculated to prevent discovery of the dutiable wool was clear beyond question. The brothers Wood, acting in concert, then caused the bales so packed to be brought to the port of New York, where they were unladen from the ship and taken to the Appraiser's Stores. Whether this was an actual introduction into the commerce of the United States, we need not decide, although United States v. Twenty-Five Packages of Hats, 231 U. S. 358, 34 S. Ct. 63, 58 L. Ed. 267, would seem to support that view; but in any event it was an attempt to introduce them. As Mr. Justice Lamar explains in the case just cited, the purpose of the Act of August 5, 1909 (36 Stat. 11, 97), which is practically identical with the statute now involved, was to extend the forfeiture provisions so that it should no longer be necessary to attempt to make a technical entry of the imported merchandise. The locus penitentiæ which permitted a consignee after the goods arrived here to substitute a true for a false invoice and thus escape forfeiture was withdrawn. Hence Wood's failure to make formal entry of the goods is immaterial. He had already done enough to constitute an attempt to introduce them by a means forbidden by the statute. In the case at bar there was no false invoice, but there was a "fraudulent practice"

in the method of packing. The case should have been submitted to the jury.

■■■ It was also error to exclude the letter of instruction as to entry of the other shipment. Such a letter was cogent evidence of the purpose of the claimant and his brother in causing the two grades of wool to be packed as they were. That similar frauds are competent evidence of intent has long been recognized. Wood v. United States, 16 Pet. 342; 359, 10 L. Ed. 987. By the same token, Libelant's Exhibit 15 for identification should have been received if it contains any admissions by Wood bearing upon his intent.

Judgment reversed, and cause remanded.